IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRENDA C. ARMSTEAD,

    Plaintiff,　　　　　　　　　　No. CIV.S. 05-0651 FCD GGH PS

  vs.

GEORGE W. BUSH,

    Defendant.　　　　　　　　　　FINDINGS AND RECOMMENDATIONS
_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

        On April 11, 2005, plaintiff's complaint was dismissed, and plaintiff was granted leave to file an amended complaint. Plaintiff's April 4, 2005, amended complaint is now before the court.

        Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. A claim is frivolous if it has no arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

1        A complaint, or portion thereof, fails to state a claim if it appears beyond doubt there is no set of supporting facts entitling plaintiff to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true its allegations, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe it in the light most favorable to plaintiff, and resolve all doubts in plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 ( 1969).

       Pro se pleadings are liberally construed. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988). Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

       The amended complaint states:

> In this Amended Complaint I seek: Perm. App. All court - all elected - all appointed - officials and all their staff for the United States.

       Plaintiff also states that Tom DeLay is "liable to Illegal Racketeering," and that "Cliff Stearns Congressman FL. Liable to adultry." [Sic]. Plaintiff states she is sure that if these two are in Congress, then the rest of Congress must all be "bad apples."

       Even under the liberal construction afforded to pro se complaints, plaintiff has failed to state a claim on which relief can be granted, and has failed to comply with the court's previous guidelines in amending her complaint. It is apparent that no further amendment can cure these defects.

       Good Cause Appearing, IT IS RECOMMENDED that this action be dismissed with prejudice.

       These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10)

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within ten (10) days after service of the objections.  The parties are advised
5  that failure to file objections within the specified time may waive the right to appeal the District
6  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 6/15/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:076
Armstead651.dis.wpd